**John CANTRELL, (Deceased), by Naomi Cantrell, Administratrix of the Estate of John Cantrell, Plaintiff–Appellant,**

v.

**MORGAN COAL COMPANY, Defendants–Appellees.**

No. 00–4504.

United States Court of Appeals, Sixth Circuit.

Oct. 3, 2003.

Before BOGGS, Chief Circuit Judge; and KRUPANSKY, Circuit Judge; and HOOD, District Judge.*

PER CURIAM.

This is an appeal from a decision of the Benefits Review Board of the United States Department of Labor, denying modification of its earlier decision denying benefits on behalf of John Cantrell (now deceased), now represented by his widow, Naomi Cantrell. We affirm.

I

In 1996, an Administrative Law Judge denied Cantrell's 1990 claim for black lung benefits, based on absence of evidence of pneumoconiosis. Cantrell did not appeal that denial, but subsequently sought modification before the agency. A new hearing was held, and the Administrative Law Judge again denied the claim, and the

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Ken-    tucky, sitting by designation.

Benefits Review Board affirmed. The standard for consideration of such a claim requires the claimant to show substantial evidence of a change in condition. 20 C.F.R. § 725.310(a). The Board determined that there was no evidence of change, and no substantial evidence of pneumoconiosis.

To begin with, the framework for consideration of this claim rests on claimant's having worked in coal mine employment for less than ten years. In both the initial proceeding and this proceeding, the Board found eight years of compensable employment, but no more. Claimant has asserted additional employment, but has provided no evidence by way of tax or other records that such employment occurred. We therefore agree with the Administrative Law Judge and the Benefits Review Board that no more than eight years of employment have been established.

Given that length of employment, claimant can established compensable disability in several ways pursuant to 20 C.F.R. § 718.202. The only subsection that is claimed to apply here is § 718.202(a)(4), requiring a reliance on adequately supported doctors' opinions. The Administrative Law Judge properly took into account all of the medical evidence submitted by claimant, and all of the evidence in the record. In particular, nine chest x-rays of claimant were taken, from 1990 to 1996. There were twenty-two readings of these nine x-rays, all of which showed no pneumoconiosis, with one exception. That one exception was a positive reading by Dr. O'Dell, claimant's treating physician. However, the same x-ray was read by three better qualified radiologists ("B-readers"), all of whom found no pneumoconiosis. That alone would somewhat discredit the outlying reading and reader, Dr. O'Dell. Claimant's chief reliance on Dr. O'Dell's status as treating physician is also misplaced in that since the briefs were filed in this case, it has been conclusively established that in Benefit Review Board cases, no special deference is owed to the opinion of a treating physician. *See Eastover Mining Co. v. Williams,* 338 F.3d 501, 510–11 (6th Cir.2003), *citing Black and Decker Disability Plan v. Nord,* 538 U.S. 822, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003).

While the evidence clearly shows that the deceased had a severe lung condition, neither Dr. O'Dell, nor any of the other physicians whose opinions are in the record, supported any finding of pneumoconiosis with clinical findings or evaluations. To the contrary, other objective evidence, such as blood gas studies taken from 1991 to 1997 and pulmonary function tests from 1990 to 1994 did not produce consistently qualifying values.

The strongest evidence from Dr. O'Dell is a report of January 8, 1997, referring to a "historical" diagnosis of pneumoconiosis, meaning that Dr. O'Dell was reporting statements by the claimant as to unspecified diagnoses by others. The claimant now contends that this was not the meaning intended by Dr. O'Dell, but no specific testimony or affidavit to that effect has been submitted. Rather, the well-reasoned opinion of the Administrative Law Judge shows that there was substantial, and even overwhelming, evidence that the claimant's lung problems were not caused by pneumoconiosis, and that no change in his condition with respect to pneumoconiosis had occurred since the earlier finding.

We therefore AFFIRM the decision of the Benefits Review Board.